**BROWER LAW GROUP**
**A Professional Corporation**
Steven Brower (SBN 93568)
Jennifer A. Needs (SBN 261153)
23601 Moulton Parkway, Suite 220
Laguna Hills, CA 92653
Telephone: (949) 668-0825
Email: Steve@BrowerLawGroup.com

Attorneys for Plaintiff
JACKIE KLEIN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE KLEIN,<br><br>       Plaintiff,<br><br>    v.<br><br>DOES 1 to 10, inclusive,<br><br>       Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>1. **VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)**<br>2. **VIOLATION OF THE CALIFORNIA COPMUTER DATA ACCESS AND FRAUD ACT (PENAL CODE § 5020**<br>3. **INVASION OF PRIVACY** |

Plaintiff JACKIE KLEIN ("Plaintiff") alleges and complains as follows:

**PARTIES**

1.  Plaintiff is, and at all relevant times has been, an individual residing in the City of San Francisco, State of California which is within this judicial district.

2.  Plaintiff is informed and believes, and based thereon alleges, that Defendants DOES 1 to 10, inclusive ("Defendants"), are the parties who have engaged in the wrongdoing alleged in this Complaint, and these fictitiously named defendants are in some manner responsible for the acts and omissions alleged herein and, as a direct and proximate result thereof, have incurred legal responsibility to Plaintiff for the relief prayed for herein.  The identities of Defendants are currently

unknown to Plaintiff, who therefore sues them under fictitious names. Plaintiff will amend her Complaint to specifically name Defendants as they are identified via discovery.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

4. The Court has supplemental jurisdiction over the claims herein arising under the laws of the State of California pursuant to 28 U.S.C. §§ 1338(b) and 1367 in that the claims are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Plaintiff is informed and believes, and based thereon alleges, that venue is proper in this judicial district, under 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this district or a substantial part of the property that is the subject of the action is in this district. Further, the Plaintiff lives within this district. Because the identities of the Defendants are unknown Plaintiff is unable to make any allegation about their place of residence.

## FACTUAL ALLEGATIONS

6. This lawsuit involves what is commonly called "computer hacking" and/or "identity spoofing." <u>The computer accounts at issue in this case are only accounts as to which the plaintiff has a right to access and/or control. Plaintiff does not seek access to any of the substantive content within the accounts – rather, the actions alleged in this suit related only to the identities of the defendants that they access to accounts as to which the plaintiff is the owner of the substantive content.</u>

7. Plaintiff has a specific personal e-mail account through the Gmail service and a personal Apple iCloud account, each of which was created by her and

as to which she is the lawful user identified by the unique username.  The Gmail and Apple iCloud accounts are hereinafter referred to collectively as the "Accounts."

8. Plaintiff is the person legally entitled to use those accounts, to access the information stored on those accounts, and otherwise to maintain the passwords and other security information utilized to access those Accounts.  Plaintiff never gave Defendants authorization or permission to use or access her personal computer devices or the Accounts.

9. Plaintiff is informed and believes that, during 2019, and possibly much earlier, one or more Defendants gained access to the Accounts on multiple occasions without authorization or permission and without any good faith belief that they had such authorization or permission and with the intention to invade the rights and interests of the Plaintiff including her right to privacy, her right to maintain attorney-client privilege, her right to maintain doctor-patient confidentiality and other rights to be determined.  Plaintiff is further informed and believes that Defendants, acting without authorization or permission, accessed her data affiliated with the Accounts, read the information therein, moved files, made copies of the data stored in the Accounts, created falsified documents and/or took other actions that negatively impacted Plaintiff's ability to use the features associated with the Accounts.

10. Beginning in March 2019 and continuing thereafter, Plaintiff discovered that many of Plaintiff's sent emails were no longer in the sent email folders where Gmail files them by default after they are sent.  Plaintiff is informed and believes that Defendants, acting without authorization or permission, deleted the emails, moved them to another location, and/or kept copies of the emails for themselves.

11. Plaintiff is informed and believes that Defendants, acting without authorization or permission, changed Plaintiff's password to her Accounts on multiple occasions and otherwise accessed and altered her data with the intention of causing her emotional distress.

12.     Plaintiff is informed and believes that by virtue of Defendants' unauthorized and unpermitted access to her Accounts, Defendants are guilty of fraud, oppression, or malice.  Plaintiff is informed and believes that Defendants' unauthorized and unpermitted access to the Accounts was done specifically targeting Plaintiff with the intent of injuring her or, alternately, Defendants did so willfully and/or with a conscious disregard for Plaintiff's rights to privacy and in her Accounts and the data stored therein.  Plaintiff is further informed and believes that the unauthorized and unpermitted access to her Accounts was done fraudulently, in that Defendants knew the Accounts were not theirs and used a method of access that was based on a falsified identity and/or credentials, thus injuring Plaintiff as described throughout this Complaint.

13.     Plaintiff has retained legal counsel to assist her and that legal counsel has, on her behalf, obtained one or more other computer technology experts to assist her with investigating and remediating the unauthorized and unpermitted access to the Accounts and any related damage effecting her personal computer devices.

## FIRST CAUSE OF ACTION

### (Violation of 18 U.S.C. § 1030 – All Defendants)

14.     Plaintiff incorporates by reference the foregoing paragraphs 1 to 13, inclusive.

15.     The computers at issue in this case are protected computers, as the term is used in 18 U.S.C. § 1030.  The computer systems Google and Apple use for the Accounts are part of interstate and foreign commerce and communication. Furthermore, Plaintiff uses her personal computer devices and the Accounts in a manner that affects interstate or foreign commerce or communication, including, but not limited to, sending and receiving email communications involving both business and personal matters with recipients in other states.

16.     Plaintiff has never provided authorization for Defendants to access her Accounts.  Plaintiff is informed and believes that Defendants intentionally accessed

Plaintiff's Accounts without authorization. Plaintiff is informed and believes that Defendants' unauthorized access to the Accounts occurred repeatedly during 2019 and possibly earlier.

17. Plaintiff is informed and believes that, during the unauthorized and access, Defendants obtained information from her Accounts, including, but not limited to, information found in her email communications, personal documents, and digital pictures.

18. Plaintiff discovered the unauthorized access to her Accounts during or about March 2019.

19. Plaintiff has suffered monetary damages proximately caused by Defendants' unauthorized access to her Accounts in an aggregate amount exceeding $5,000; the exact amount will be shown according to proof at the time of dispositive motion or trial. The monetary damages include, but are not limited to, costs expended to identify the hackers and assess and remediate the damage to Plaintiff's computer devices and Accounts, to preserve the information contained in those computer devices and Accounts and to change the usage so as to deter future unauthorized access. As of the date of this Complaint, monetary damages continue to accrue.

## SECOND CAUSE OF ACTION

**(Violation of California Penal Code § 502 – All Defendants)**

20. Plaintiff incorporates by reference the foregoing paragraphs 1 to 19, inclusive.

21. Plaintiff is informed and believes that, as described throughout this Complaint, Defendants knowingly accessed and without permission altered and/or otherwise used the Accounts to wrongfully access, control, and/or obtain money, property, or data.

22. Plaintiff is informed and believes that Defendants knowingly accessed and without permission took, copied, and/or made use of the data from the Accounts, as described throughout this Complaint.

23. Plaintiff is informed and believes that Defendants knowingly and without permission took, copied, or used data from the Accounts, as described throughout this Complaint.

24. Plaintiff is informed and believes that Defendants knowingly and without permission used computer services, including, but not limited to, the services provided by Google and Apple in association with Plaintiff's Accounts, as described throughout this Complaint.

25. Plaintiff is informed and believes that, as described throughout this Complaint, Defendants knowingly and without permission disrupted or caused the disruption of computer services to Plaintiff, who was the authorized user of the disrupted services.

26. As a direct result of Defendants knowingly accessing her Accounts without permission, Plaintiff has suffered monetary damages in excess of $5,000; the exact amount will be shown according to proof at the time of dispositive motion or trial. The monetary damages include, but are not limited to, costs expended to verify alterations, damages, and deletions with respect to Plaintiff's personal computer devices and her Accounts. As of the date of this Complaint, monetary damages continue to accrue.

27. Plaintiff has suffered irreparable injury as a result of Defendants' acts, and due to the continuing threat of such injury, Plaintiff has no adequate remedy at law, thus entitling her to injunctive relief under California Penal Code § 502(e)(1).

28. Plaintiff is entitled to an award of reasonable attorney's fees, according to proof, pursuant to California Penal Code § 502(e)(2).

29. Under California Penal Code § 502(e)(4), Plaintiff is entitled to an award of punitive damages in her favor and against Defendants to punish them for

their egregious conduct. The amount of punitive damages should be subject to proof, but Plaintiff alleges any punitive damages award should be no less than three times the amount of actual damages.

### THIRD CAUSE OF ACTION

### (Invasion of Privacy – All Defendants)

30. Plaintiff incorporates by reference the foregoing paragraphs 1 to 29, inclusive.

31. Plaintiff has, and at all times relevant to this action has had, a reasonable expectation of privacy in her personal computer devices and Accounts. Plaintiff's data is stored in such a manner that it is intended to be accessible only by those who are authorized to use the Accounts. The content of the Accounts is not accessible to the public at large. Plaintiff regularly undertakes actions, such as using password protection, to maintain the privacy of her Accounts. Much of the data falls within the zones of privacy recognized by California law, including, but not limited to, personal financial, employment, and medical information about Plaintiff.

32. Defendants intentionally intruded in Plaintiff's Accounts via their unauthorized and unpermitted access, as described throughout this Complaint.

33. Intrusion into the Accounts is highly offensive to Plaintiff. Plaintiff is informed and believes that the unauthorized intrusion into another's computer devices, accounts, and data in violation of the law via what is commonly-called "hacking" is highly offensive to any reasonable person because it involves accessing, without permission, information that is the subject of efforts to keep the information private and personal.

34. Plaintiff has suffered monetary damages proximately caused by Defendants' invasion of Plaintiff's privacy. Such damages are in excess of $5,000 and will be shown according to proof at the time of dispositive motion or trial. As of the date of this Complaint, monetary damages continue to accrue.

35. As a direct and proximate result of Defendants' conduct, Plaintiff has been caused to suffer, did suffer, and continues to suffer severe and extreme emotional distress, including but not limited to anguish, stress, nervousness, worry, fright, anxiety, panic, feelings of violation, and sleep disturbances. Plaintiff does not know at this time the exact duration or permanence of said injuries, given she continues to experience emotional distress as of the date of this Complaint.

36. Plaintiff has suffered irreparable injury as a result of Defendants' acts, and due to the continuing threat of such injury, Plaintiff has no adequate remedy at law, thus entitling Plaintiff to injunctive relief.

37. Plaintiff is entitled to an award of punitive damages in her favor and against Defendants to punish them for their egregious conduct. The amount of punitive damages should be subject to proof, but Plaintiff alleges any punitive damages award should be no less than three times the amount of actual damages.

## **PRAYER**

WHEREFORE, Plaintiff prays for entry of judgment in her favor and against Defendants, and each of them, for the following:

A. General and special damages according to proof, but in no event less than $5,000;

B. Punitive damages in an amount sufficient to punish and deter Defendants from future egregious conduct;

C. For a preliminary and permanent injunction retraining Defendants and all those acting in concert with them from:
  i. Accessing Plaintiff's personal computer devices and the Accounts;
  ii. Disclosing or using any personal or confidential information belonging to Plaintiff, including all information obtained from Plaintiff's personal computer devices and Accounts;

D. Pre-judgment interest at the highest legal rate;

E. Attorneys' fees and costs of suit; and

F.  Such other and further relief as the Court deems just and proper.

Dated: June 7, 2019

BROWER LAW GROUP
A Professional Corporation

/s/ Steven Brower

STEVEN BROWER
JENNIFER A. NEEDS
Attorneys for Plaintiff
JACKIE KLEIN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28